UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LISA WAGAMAN, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) E-Z STOP FOOD MARTS, INC., ) ) Defendant. ) | No.: 3:21-CV-398-KAC-DCP |

## MEMORANDUM AND ORDER APPROVING SETTLEMENT

Before the Court is the Parties' "Joint Motion for Approval of Settlement" [Doc. 25], requesting that the Court approve the settlement of Plaintiff's Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, claims. On November 24, 2021, Plaintiff Lisa Wagaman brought suit individually "and on behalf of all current and former Store Managers" against Defendant E-Z Stop Food Marts, Inc. for alleged violations of the FLSA related to unpaid wages and overtime compensation [Doc. 1]. On June 8, 2022, Plaintiff and Defendant notified the Court that they had reached a settlement after fulsome negotiations and that Plaintiff "has elected not to pursue" a collective action and "instead settles individually" [Doc. 25 at 1]. The Parties now seek Court approval of their settlement and dismissal of Plaintiff's claims with prejudice [*Id.*]. Because the settlement provides a fair and reasonable resolution of Plaintiff's *bona fide* FLSA dispute and provides reasonable attorney's fees and all costs of the action, the Court approves the settlement and grants the Parties' motion.

The FLSA generally requires compensation for overtime at a rate not less than one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1). Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 . . . shall be liable to the employee . . . in

the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Further, the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* While its requirements are generally not subject to bargaining, waiver, or modification by contract or settlement, the FLSA permits settlement of suits brought in federal court upon the Court's approval.[1] *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

The Court must ensure that the settlement represents a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1355. The text of the FLSA does not "shed[] light" on what it means for attorney's fees to be "reasonable." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). But the Sixth Circuit has stated that the award of attorney's fees ensures "effective access to the judicial process" and "encourage[s] the vindication of congressionally identified policies and rights." *Id.* at 502-03. Generally, when evaluating the reasonableness of attorney's fees, the Court considers (1) "the value of the benefit rendered;" (2) "the value of the services on an hourly basis;" (3) "whether the services were undertaken on a contingent fee basis;" (4) "society's stake in rewarding attorneys who produce such benefits in

---

[1] The circuits are split on whether the settlement of FLSA claims requires Court approval. *Compare, e.g.*, *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same). The Sixth Circuit has not decided the issue, but district courts in the Sixth Circuit have regularly found it appropriate to review FLSA settlements for Court approval. *See, e.g.*, *Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 17-CV-58, 2018 WL 3910999, at *1 (E.D. Tenn. July 30, 2018), *report and recommendation adopted*, No. 17-CV-58, 2018 WL 3910889 (E.D. Tenn. Aug. 15, 2018); *Thompson v. United Stone, LLC*, No. 14-CV-224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015).

order to maintain an incentive to others;" (5) "the complexity of the litigation;" and (6) the "professional skill and standing of counsel." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)). But in FLSA cases where parties separately negotiate the award of attorney's fees "without regard to the plaintiff's FLSA claim," the FLSA may not require the Court to independently review the amount of attorney's fees. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (observing that the FLSA "treat[s] the merits of an FLSA claim and the attorney fees as distinct" and that the text does not require approval of separately-settled attorney's fees); *see also Bernardez v. Firstsource Sols. USA, LLC*, No. 17-CV-613 & 20-CV-99, 2022 WL 1156972, at *6 (W.D. Ky. Apr. 19, 2022).

Here, the proposed settlement fairly and reasonably resolves Plaintiff's *bona fide* FLSA dispute. The Parties negotiated the settlement at arms' length with experienced counsel on both sides "throughout the litigation, negotiation[,] and settlement process" [Doc. 25 at 2-3]. And the settlement "reflects a reasonable compromise of the disputed issues" [*Id.* at 3]. Consistent with the FLSA, Defendant agrees to pay Plaintiff her fairly negotiated "back overtime" compensation and "an equal amount in liquidated damages" [Docs. 25 at 3; 25-1 at 1]. *See* 29 U.S.C. § 216(b). Also consistent with the FLSA, the Parties agree that Defendant will pay Plaintiff's attorney's fees and costs [Docs. 25 at 4; 25-1 at 1]. *See* 29 U.S.C. § 216(b). As a result, the settlement represents a fair and reasonable resolution of the FLSA dispute.

Additionally, to the extent the FLSA requires the Court to independently review the amount of attorney's fees here, the proposed attorney's fees are reasonable. The Parties negotiated attorney's fees separately from Plaintiff's damages claims, and "the amount for attorney's fees did not affect the amount to be paid" to Plaintiff [Doc. 25 at 4]. Accordingly, it is not clear that the

3

FLSA requires the Court to independently review the settled amount of attorney's fees. *See Barbee*, 927 F.3d at 1027; *Bernardez*, 2022 WL 1156972, at *6. Even if the Court did review the attorney's fees for reasonableness, they would pass muster. The amount of attorney's fees reflects the value of experienced counsel received "throughout the litigation, negotiation[,] and settlement process" "on a variety of disputed issues of law and fact" [Doc. 25 at 3-4]. *See Moulton*, 581 F.3d at 352. And the settlement "represents payment for all fees and costs incurred by Plaintiff's counsel," [Doc. 25-1 at 1], satisfying the FLSA.

Accordingly, the Court **GRANTS** the Parties' "Joint Motion for Approval of Settlement" [Doc. 25] and **DIRECTS** Defendant to pay Plaintiff and her counsel the amounts set forth in the Settlement Agreement [Doc. 25-1] The Court **DISMISSES** the case **WITH PREJUDICE**. An appropriate judgment will enter.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge